# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| RONNIE A. WILLIAMS, ) | |
| AIS #217909, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:22-00165-KD-N |
| ) | |
| REOSHA BUTLER, *Warden*, ) | |
|     Respondent. ) | |

## ORDER

This action is before the Court on Petitioner Ronnie A. Williams's Petition for a Wirt of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Williams, an Alabama prisoner proceeding pro se, certified that he delivered the petition to prison officials for mailing on April 18, 2022. (Doc. 1, PageID.12).[1] Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition in accordance with 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires the assigned judge to "promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not

---

[1] The assigned District Judge has referred the petition to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)–(b) and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (4/25/2022 electronic reference).

entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon preliminary review, the undersigned finds that it plainly appears Williams is not entitled to relief because, based on the information alleged, his petition is time-barred.

Because Williams's habeas petition was filed after April 24, 1996, it is subject to the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). *E.g., Pope v. Sec'y for Dep't of Corr.*, 680 F.3d 1271, 1281 (11th Cir. 2012). AEDPA imposes the following time limit for bringing habeas petitions:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in Williams's petition supports running his one-year limitations period from any of the dates in §§ 2244(d)(1)(B)–(D).[2] Thus, Williams ha[d] "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

Williams challenges a criminal judgment handed down by the Circuit Court of Jefferson County, Alabama on July 31, 2017.[3] (Doc. 1, PageID.2). Based the information Williams provides in his petition on the Court's form, he did not file any direct or postconviction appeal in state court. (*See* Doc. 1, PageID.3). Thus, Williams's AEDPA clock began running on September 13, 2017—the day after his time lapsed under Alabama law to file a timely notice of appeal.[4] *See* Ala. R. App. P. 4(b)(1)

---

[2] Williams argues that his claim is not time-barred because he "is not challenging his conviction" or any other state laws—instead, he "is challenging federal law and constitutional laws that did in fact run his custody afoul" which have "no statute of limitations." (Doc. 1, PageID.11). This argument, however, is unavailing. The plain text of § 2244(d) makes clear that its time bar applies to all § 2254 petitions. *See also Peoples v. Chatman*, 393 F.3d 1352, 1353 (11th Cir. 2004) ("[T]his court has explicitly held that the § 2244 statute of limitations applies to petitions governed by § 2254.").

[3] Because Williams is incarcerated at G.K. Fountain Correctional Facility, which is located in this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his § 2254 petition, *see* 28 U.S.C. § 2241(d).

[4] Alabama Rule of Appellate Procedure 26 explains how this deadline is calculated:

> In computing any period of time prescribed by these rules, by an order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period shall be included, unless it is a Saturday, Sunday, or a legal holiday, in which event the period extends until the end of the next day that is not a Saturday, Sunday, or legal holiday or, when the act to be done is the filing of a document in an appellate court, a day on which weather or other conditions have made

3

(stating that a criminal defendant has forty-two days from "the date of the entry of the judgment" to file notice of appeal); *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review."). Williams had until September 13, 2018, to file a federal habeas petition challenging his Jefferson County criminal judgment.

Williams filed the subject § 2254 petition on April 18, 2022, the date he certifies he delivered it to prison officials for mailing—over three years after his AEDPA clock expired. Accordingly, Williams filed his petition outside of AEDPA's statute of limitations.

The Eleventh Circuit Court of Appeals has held that a court may dismiss sua sponte a habeas petition as time-barred under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts without first ordering a response from the state, so long as (1) the petitioner is given "notice of its decision and an opportunity to be heard in opposition[,]" *Paez v. Sec'y, Fla. Dep't of Corr.*, 947 F.3d 649, 653 (11th Cir. 2020) (per curiam), and (2) the respondent is given similar notice and "an opportunity to respond, including an opportunity to inform the District Court if it intend[s] to waive the timeliness defense." *Id.* at 655. Accordingly, Williams is hereby granted until **June 17, 2022**, to file any briefing and supporting materials he deems necessary showing cause why his habeas petition should not be dismissed as

---

the office of the clerk of the court inaccessible, in which event the period runs until the end of the next day that is not one of the aforementioned days.

Ala. R. App. P. 26(a).

time-barred under § 2244(d)(1)(A) for the reasons explained above. Any response the Respondent may wish to make to this order must also be filed and served by the same deadline.[5] The Clerk of Court is **DIRECTED** to serve copies of this Order and Williams's petition (Doc. 1) on the Respondent and the Attorney General of Alabama.[6]

Because Williams is proceeding pro se in this action, he is given notice that certain equitable exceptions may excuse an untimely habeas claim. First,

> the district court may still review an untimely petition filed by a petitioner entitled to equitable tolling. As the Supreme Court has explained, the time period specified in 28 U.S.C. § 2244 is a statute of limitations, not a jurisdictional bar, and Section 2244 does not bar the application of equitable tolling in an appropriate case. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).
>
> The Supreme Court []affirmed, however, that "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted); *Sandvik v. United States,* 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "The diligence required for equitable tolling purposes is 'reasonable diligence,' not 'maximum feasible diligence.' " *Holland,* 130 S. Ct. at 2565 (internal quotation marks and citation omitted). As for the "extraordinary circumstance" prong, [it] require[s] a defendant to show a causal connection between the alleged extraordinary circumstances and the

---

[5] The Respondent is not required to address any response from Williams unless expressly directed to do so by subsequent order.

[6] *See* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("In every case, the clerk must serve a copy of the petition and any order on the respondent and on the attorney general or other appropriate officer of the state involved.").

> late filing of the petition. *See Lawrence v. Florida,* 421 F.3d 1221, 1226–27 (11th Cir. 2005).

*San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 2011) (footnote omitted).

Second,

> [i]n *McQuiggin* [*v. Perkins*]*,* the Supreme Court held that a federal habeas petitioner can qualify for an equitable exception to the one-year statute of limitation and obtain federal review of his claims about constitutional errors in his state court proceedings if he satisfies the threshold test established in *Schlup* [*v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)]. *McQuiggin,* 133 S. Ct. [1924,] 1928[ (2013)]. Under that test, the petitioner must "persuade[ ] the [habeas] court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.* (quoting *Schlup,* 513 U.S. at 329, 115 S. Ct. at 868). The test devised in *Schlup* is intended to "ensure[ ] that [the] petitioner's case is truly extraordinary, while still provide petitioner a meaningful avenue by which to avoid a manifest injustice." 513 U.S. at 327, 115 S. Ct. at 867 (internal quotation marks and citation omitted). The petitioner must prove that "he is 'actually innocent,' " *id.* at 327, 115 S. Ct. at 867, by producing "new reliable evidence ... not presented at trial," *id.* at 324, 115 S. Ct. at 865, that "raise[s] sufficient doubt about [his] guilt to undermine confidence in the result of the trial," *id.* at 317, 115 S. Ct. at 862.

*Brown v. Sec'y, Fla. Dep't of Corr.*, 580 F. App'x 721, 726–27 (11th Cir. 2014) (per curiam) (unpublished).

Williams is reminded that, under this Court's Local Rules, "[a]ny person proceeding *pro se* must, at all times during the pendency of the action to which he or she is a party, keep the Clerk informed of his or her current address and . . . must promptly notify the Clerk of any change of address . . . . Failure to comply with this Rule may result in sanction, including dismissal of a *pro se* plaintiff's action . . . ." S.D. Ala. GenLR 83.5(b).

**DONE** and **ORDERED** this the 19th day of May 2022.

>/s/ Katherine P. Nelson
>**KATHERINE P. NELSON**
>**UNITED STATES MAGISTRATE JUDGE**